

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES L. HALL,<br><br>   Plaintiff,<br><br>vs.<br><br>LEITONI TUPOU,<br><br>   Defendant. | Case No. A05-0160 CV (RRB)<br><br>ORDER OF DISMISSAL<br><u>WITHOUT PREJUDICE</u> |

On July 11, 2005, James L. Hall, a self-represented prisoner, filed a civil rights complaint, under 42 U.S.C. § 1983, along with an application to waive prepayment of fees, under 28 U.S.C. § 1915.[1] Because Mr. Hall was unable to prepay the entire $250.00 filing fee, his application to waive prepayment of fees was granted.[2]

Since the granting of his application, Mr. Hall requested that the initial filing fee of $100.00, which was deducted from his prison trust account, be returned to him, and when his motion was denied, he filed an "appeal" of that order, stating that he

---

[1] See Docket Nos. 1, 2.

[2] See Docket Nos. 1, 3, 4.

T:\Orders.05\1983\hall A05-160 dismissal.wpd

was given no advance notice that the filing fee would be deducted in full from his prison trust account.[3]

The Court noted that Mr. Hall appears to be correct. He inadvertently completed and signed the wrong application, which stated, on the first page: "I agree that if I am granted this application to waive the fee in this case, a portion of my recovery, as directed by the court will be paid to the Clerk of the Court for reimbursement of all fees and costs incurred by me in the case."[4] This information is incorrect, as to prisoners, who must pay the full $250.00 filing fee in installments, from their prison trust accounts, as required by federal law.[5]

As Mr. Hall was informed, an initial partial filing fee of 20% of $500.00, the greater of the two amounts, was assessed,[6] and was ordered to be paid as soon as funds were available.[7] As Mr. Hall was told, if he continues to litigate this case, he will owe monthly payments in the amount of twenty percent of each past month's income from his trust account each time the amount in his account exceeds $10.00, until the statutory filing fee of $250.00 is paid in full.[8]

---

[3] *See* Docket Nos. 8, 10, 11, 13, 14.

[4] Docket No. 1 at 1.

[5] *See* 28 U.S.C. §§ 1915(b)(1), (2).

[6] *See* 28 U.S.C. § 1915(b)(1).

[7] *See* Docket No. 4

[8] *See* 28 U.S.C. § 1915(b)(2).

Mr. Hall was also informed that, whether or not he has paid all or a portion of the filing fee, the Court must dismiss his case if his allegation of poverty is untrue or if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[9] Mr. Hall was further told that, if his action is dismissed, the Court will keep the $250.00 filing fee to cover the costs of processing his case. No part of the fee will returned to Mr. Hall; instead, the Court will continue to collect the fee until it is paid in full.[10]

Because Mr. Hall had misinformation, at the outset, as to the consequences of proceeding without prepayment of fees in this case, he was given the option of dismissing this case, without prejudice, and being reimbursed all monies paid toward his filing fee. Mr. Hall was informed, however, that because federal law requires prisoners to pay the entire $250.00 filing fee in their civil cases, if he wishes to proceed with this case, the filing fee must continue to be paid in installments, as ordered.[11]

---

[9] 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A (screening prisoner civil cases against government entities or officials); 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions).

[10] See Docket No. 4 at 2.

[11] See Docket No. 15.

Although Mr. Hall has not filed a motion to dismiss, he continues in his mistaken believe that this Court may ignore federal law and waive the filing fee in his case. Mr. Hall wrote a letter to the Court, again demanding the return of his $100.00, and requesting that all of his cases be stayed until his release from prison on December 5, 2005.[12] The Court will respect his wishes, as to the money, and refund the money.[13] However, the Court knows of no authority which would allow the Court to stay Mr. Hall's cases until his release from incarceration, in order to allow him to avoid payment of the filing fee. If Mr. Hall continues with his cases, the Court must collect the $250.00 filing fees for each of his cases, in installments, until the $250.00 filing fees are paid in full.[14]

Because Mr. Hall has failed to follow the orders of this Court, his case must be dismissed. However, because this dismissal is without prejudice, Mr. Hall may re-file his complaint at a later date (but within the two-year limitations period), if he wishes.

For future reference, Mr. Hall is cautioned that he must send separate documents to the Court for each and every case he may have before this Court.

---

[12] See Docket No. 17.

[13] The Court knows of no authority to stay Mr. Hall's cases until his release from incarceration, as he requests in his letter of October 14, 2005, in order to allow him to avoid payment of the filing fee. If Mr. Hall continues with his cases, the Court must collect the $250.00 filing fees from his prison trust account, in installments, until the date of his release.

[14] See 28 U.S.C. § 1915(b)(2).

The Court will not accept one document for more than one case. If Mr. Hall sends one document for filing in more than one case, that document will be returned to him by the Clerk of Court. All papers to be filed with the Court, **after** the filing the **initial complaint,** must be identified with the name of the Court, the specific case number, the names of the plaintiff and the first defendant, and the title of the document, as illustrated on the first page of this Order.

### IT IS THEREFORE ORDERED that:

1. Mr. Hall's motion for refund, at docket number 17, is GRANTED; the Court of Court is directed to refund any portion of the filing fee paid in this case to date to Mr. Hall;

2. Mr. Hall's motion to stay this case, at docket number 17, is DENIED; and

3. This action is DISMISSED without prejudice.

DATED this 21 day of November, 2005, at Anchorage, Alaska.

RALPH R. BEISTLINE
United States District Judge

A05-0160--CV (RRB)    11-28-05

J. HALL
FINANCE
PSLC