IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES L. HALL,<br><br>    Plaintiff,<br><br>vs.<br><br>LEITONI TUPOU,<br><br>    Defendants. | Case No. 3:05-cv-00160-RRB<br><br><u>ORDER DENYING<br>MOTION TO REOPEN</u> |

On May 31, 2006, James L. Hall, representing himself, filed a motion to reopen his civil rights case, which was dismissed on November 28, 2005.[1] However, this case is unlike the other cases which were recently reopened.[2] In this case, Mr. Hall requested that his filing fee be returned to him, his request was granted, and the case was dismissed without prejudice, with the Court specifically declining to stay the case.[3]

---

[1] *See* Docket No. 1.

[2] *See Hall v. Self*, Case No. 3:05-cv-00219-JWS, and *Hall v. Cottle*, 3:05-cv-00226-JWS.

[3] *See* Docket Nos. 17, 18, 19.

Although relief from a judgment or order may be granted under Federal Civil Rule 60(b), does not fit any of the criteria under that rule.[4] Nor has he filed his motion to reopen within the 1-year time period after judgment as required for reasons (1), (2) or (3) of Rule 60(b).[5] The catchall section, Rule 60(b)(6), does not apply since Mr. Hall has shown no "extraordinary circumstances" which would warrant it.[6] The Court of Appeals for the Ninth Circuit has explained that Rule 60(b)(6) is only to be "used sparingly as an equitable remedy to prevent manifest

---

[4] *See* FED. R. CIV. P. 60(b) (relief from final judgment or order may be granted for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or . . . reversed or otherwise vacated . . . ; or (6) any other reason justifying relief from the operation of judgment").

[5] *See id.*

[6] *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988), quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *see also Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998), *cert. denied*, 119 S.Ct. 1336 (1999) (denying relief where statute of limitations had run, explaining that "a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.' . . . Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).") (citations omitted).

injustice."[7] Nothing Mr. Hall has said in his motion suggests that he fits this, or any other Rule 60(b), criteria.[8]

However, Mr. Hall is entitled to file a new complaint alleging the same claims against the same defendant(s), within the two-year limitations period. If Mr. Hall chooses to do this, he must also file an application to waive prepayment of the filing fee. As Mr. Hall was informed previously in his various cases before this Court, he will be required to pay the full federal court filing fee in installments.[9] Mr. Hall will be required to pay an initial filing fee of 20 percent of the greater of (a) the average monthly deposits to his prison or jail account for the six months immediately before filing the lawsuit; or (b) the average monthly balance in his prison or jail account for that same six month period. The institution with custody of Mr. Hall will deduct the money, when funds are available, from his account and send the money to the Court as ordered. Mr. Hall will then owe monthly payments in the amount of twenty percent of the past month's income from his trust account each time the amount in the

---

[7] *United States v. Alpine Land & Reservoir, Co.* 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813 (1993).

[8] "It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981); *see also Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 393 (1993) (the "provisions [of Rule 60(b)] are mutually exclusive"); *Liljeberg*, 486 U.S. at 863 n. 11.

[9] *See* 28 U.S.C. § 1915(b).

account exceeds $10.00, until the statutory filing fee is paid in full.[10] Mr. Hall is reminded that, if a case is dismissed, **no part of the fee will be returned**; instead, the Court will continue to collect the fee until it is **paid in full**.

**IT IS HEREBY ORDERED** that:

1. Mr. Hall's motion to reopen his civil rights case, at docket number 22, is DENIED; and

2. Mr. Hall's motion at docket number 23 is DENIED as moot.[11]

DATED this 7th day of July, 2006, at Anchorage, Alaska.

/s/RALPH R. BEISTLINE
United States District Judge

---

[10] *See* 28 U.S.C. § 1915(b).

[11] Mr. Hall may request copies from the Clerk of Court at the cost of $.50 per page. Presently, the Court has no information from which it can determine that Mr. Hall is indigent and should be provided with free copies.